IN THE UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

EDWIN MCBRIDE                                                PLAINTIFF

v.                      CIVIL NO. 04-3075

JO ANNE B. BARNHART, Commissioner
Social Security Administration                               DEFENDANT

## MEMORANDUM OPINION

Plaintiff Edwin McBride brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

**Procedural Background:**

The application for DIB presently before this court was filed on October 10, 2002, alleging an inability to work since October 1, 1997, due gouty arthritis, shoulder and back pain, a cervical fracture, degenerative disc disease, a broken neck and a crooked spine. (Tr. 48-50). An administrative hearing was held on February 5, 2004. (Tr. 448-471). Plaintiff was present and represented by counsel.

By written decision dated April 27, 2004, the ALJ found that plaintiff was not disabled. (Tr. 13-19). The ALJ reasoned that plaintiff's claim failed at step two of the sequential

evaluation established by regulation by the Commissioner, as he suffered no severe impairment prior to December 31, 2001, his date last insured. (Tr. 18).

Plaintiff appealed the decision of the ALJ to the Appeals Council. After considering the reasons plaintiff disagreed with the ALJ's decision, the Appeals Council denied plaintiff's request for review of the hearing decision on August 11, 2004. (Tr. 4-7, 445-447). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 5,6).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

AO72A
(Rev. 8/82)

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520 (2003).

**Discussion:**

"A majority of the Supreme Court has adopted what has been referred to as a `de minimis standard' with regard to the step two severity standard." *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989); *Funderburg v. Bowen*, 666 F.Supp. 1291 (W.D. Ark. 1987). In the present case, the ALJ determined plaintiff's gouty arthritis, right shoulder pain, back pain and chronic multiple joint pain were not severe impairments prior to his date last insured. However, the medical evidence of record reveals that plaintiff had been treated for gout on several occasions prior to December 31, 2001. (Tr. 302-303, 281, 289). He had also been treated for pain in his joints. (Tr. 329, 355). Furthermore, Dr. Carl L. Williams, upon the ALJ's request, performed a post-hearing review of plaintiff's medical record indicating plaintiff had spondolisthesis probably related to multiple deceleration injuries incurred while landing in many jumps as a paratrooper; gouty

3

AO72A
(Rev. 8/82)

arthritis in his hands, feet, knees, elbow and back documented by elevated serum uric acid, his clinical history and x-ray evidence; and mandibular arthritis.[1]

After thoroughly reviewing the entire evidence of record, we believe there is substantial evidence in the record that plaintiff's gouty arthritis, arthritis and spondolisthesis rise to the level of a severe impairments prior to December 31, 2001. We therefore find that this case should be remanded to allow the ALJ to proceed with evaluating plaintiff's impairments past step two of the sequential evaluation. We note, the medical evidence of plaintiff's condition subsequent to the expiration of plaintiff's insured status is relevant only to the extent it helps establish plaintiff's condition before the expiration. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984).

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of November 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

---

[1] Dr. Williams also addressed the injuries plaintiff sustained as a result of his motor vehicle accident in January of 2002.

AO72A
(Rev. 8/82)